UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
DWAYNE GAUSE,

                        Plaintiff,

        -against-

SUFFOLK COUNTY, et al.,

                        Defendants.
---------------------------------------------------------------X

**OPINION & ORDER**
02-CV-4600 (SJF) (WDW)

FEUERSTEIN, J.

I.    Introduction

On August 14, 2002, *pro se* plaintiff Dwayne Gause ("Plaintiff") commenced this action with the filing of three (3) complaints, all alleging violations of his civil rights under 42 U.S.C. § 1983.[1] Plaintiff filed an Amended Complaint on December 19, 2005. Plaintiff now seeks leave to further amend his Complaint. For the reasons set forth below, Plaintiff's motion for leave to amend is denied.

II.    Analysis

Rule 15(a) of the Federal Rules of Civil Procedure states that leave to amend "shall be freely given when justice so requires." Notwithstanding the general rule, "it is within the sound discretion of the court whether to grant leave to amend." John Hancock Mutual Life Insurance Co. v. Amerford International Corp., 22 F.3d 458, 462 (2d Cir. 1994). A district court "plainly has discretion . . . to deny leave to amend where the motion is made after an inordinate delay, no satisfactory explanation is offered for the delay, and the

---

[1] By Order dated May 16, 2005, the Court consolidated the three (3) cases into lead case number 02-CV-4600.

1

amendment would prejudice the defendant." Cresswell v. Sullivan & Cromwell, 922 F.2d 60, 72 (2d Cir. 1990). The party seeking leave has the burden of providing satisfactory reasons for the delay. Id.

Plaintiff filed his motion for leave to amend nearly four (4) years after he filed his original Complaint, and seven (7) months after he filed his first Amended Complaint. Discovery has been closed since September 30, 2004. Although mere delay by itself does not provide grounds for denying leave to amend, Plaintiff has offered no explanation for the inordinate delay. It appears that Plaintiff is not seeking to add a new claim but expand on the facts and allegations of one of the claims asserted in his original Complaint. See Complaint, Pages 15-16. The facts revolve around events that took place on May 17, 2000, and June 28, 2000, and directly involve Plaintiff. Clearly, Plaintiff was aware of these facts when he filed his original Complaint and there is no reason why they could not have been included in the original Complaint, or the Amended Complaint. See NAS Electronics, Inc. v. Transtech Electronics PTE Ltd., 262 F. Supp.2d 134, 150 (S.D.N.Y. 2003) (motion to amend complaint denied where plaintiffs "had knowledge of the facts and circumstances in the case for a period of several years and could have made their motion within the specified time period."); Priestley v. American Airlines, Inc., No. 89 Civ. 8265, 1991 WL 64459, at *1 (S.D.N.Y. Apr.12, 1991) ("[L]eave to amend may be denied where the moving party knows or should have known of the facts upon which the proposed amendment is based, but failed to include them in the original pleading.").

In addition to the unexplained delay, the defendants would be prejudiced by the proposed amendment. "[T]he longer the period of an unexplained delay, the less [that] will

be required of the nonmoving party in terms of a showing of prejudice." Block v. First Blood Assocs., 988 F.2d 344, 350 (2d Cir. 1993) (citations omitted). In determining what constitutes prejudice, the court considers whether the assertion of the new claim would: "(1) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (2) significantly delay the resolution of the dispute; or (3) prevent the plaintiff from bringing a timely action in another jurisdiction." Id. (citations omitted).

In this case, the long period of unexplained delay between the filing of the original complaint and this motion for leave to amend requires a minimal showing of prejudice. This case is not in its infancy; it was commenced over four (4) years ago. Discovery is complete. If the motion were granted, discovery may have to be reopened because the proposed amendment asserts additional facts and allegations. As it currently stands, the Court is ready to entertain dispostive motions in this case or set the case down for trial. Further delay in ultimately resolving this dispute will prejudice the defendants. See Zahra v. Town of Southold, 48 F.3d 674, 685-86 (2d Cir.1995) (motion for leave to amend appropriately denied when made two and one-half (2½) years after commencement of action).

Given the untimely filing of the motion, the absence of good cause justifying the delay in adding new information to the claim, and the prejudice that the defendants would suffer, Plaintiff's motion for leave to amend is denied.

V.  Conclusion

For the reasons set forth above, Plaintiff's motion to for leave amend his Complaint is DENIED.

IT IS SO ORDERED.

_____
Sandra J. Feuerstein
United States District Judge

Dated: January 25, 2007
Central Islip, New York

Copies to:

Dwayne Gause, *pro se*
#01A2837
Green Haven Correctional Facility
 P.O. Box 4000
Stromville, NY 12582-0010

Robert A. Caccese
Suffolk County Attorney's Office
H. Lee Dennison Building
5th Floor
P.O. Box 6100
Hauppauge, NY 11788