UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------X
DWAYNE GAUSE,

                Plaintiff,

                                    **OPINION & ORDER**
                                    02-CV-4600 (SJF) (WDW)
      -against-

SUFFOLK COUNTY, et al.,

                Defendants.
-----------------------------------------X
FEUERSTEIN, J.

I.    Introduction

On August 14, 2002, *pro se* plaintiff Dwayne Gause ("Plaintiff") commenced this action with the filing of three (3) complaints, alleging violations of his civil rights under 42 U.S.C. § 1983.[1] Plaintiff filed an Amended Complaint on December 19, 2005. On January 25, 2007, the Court denied Plaintiff's motion for leave to further amend his Complaint. By letter dated February 14, 2007, Plaintiff seeks reconsideration of that decision and/or permission to appeal the decision. Plaintiff also seeks appointment of counsel. For the reasons set forth below, Plaintiff's motion for reconsideration and request for permission to appeal are denied. Plaintiff's application for appointment of counsel is respectfully referred to Magistrate Judge William Wall for an opinion and order.

---

[1] By Order dated May 16, 2005, the Court consolidated the three (3) cases into lead case number 02-CV-4600.

1

II. Analysis

A. Motion for Reconsideration

Local Rule 6.3 sets a ten (10) day filing requirement for motions for reconsideration and rehearing. Local Rule of the United States District Courts for the Southern and Eastern Districts of New York 6.3. Plaintiff filed his letter motion on February 14, 2007, twenty (20) days after the date of the Court's Order. Therefore, Plaintiff's motion for reconsideration is untimely. Nevertheless, given Plaintiff's *pro se* incarcerated status, and the date that he received a copy of the Court's Order is unclear, the Court will consider Plaintiff's motion on the merits.

Motions for reconsideration are generally "denied unless the moving party can point to controlling decisions or data that the court overlooked. . . ." Shrader v. CSX Transp., Inc., 70 F.3d 255, 256-57 (2d Cir. 1995) (citations omitted). A motion for reconsideration is not a proper tool to relitigate arguments and issues already considered by the Court in deciding the original motion, see United States v. Gross, No. 98-CR-0159, 2002 WL 32096592, at *4 (E.D.N.Y. Dec. 5, 2002), nor is it proper to raise new arguments and issues in a motion for reconsideration. See Lehmuller v. Incorporated Village of Sag Harbor, 982 F. Supp. 132, 135 (E.D.N.Y. 1997). The standard for a motion for reconsideration is demanding, and should be "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court." Wechsler v. Hunt Health Sys., Ltd., 186 F. Supp. 2d 402, 410 (S.D.N.Y. 2002) (quoting Dellefave v. Access Temps., Inc., No. 99 Civ. 6098, 2001 WL 286771, at *1 (S.D.N.Y. Mar. 22, 2001)).

Plaintiff has not pointed to any controlling decisions or data that the Court overlooked. Plaintiff claims that the incidents alleged in his proposed Second Amended Complaint happened on different days, months, and years than those alleged in his original Complaint. However, this contention is directly contradicted by Plaintiff's Complaint and proposed Second Amended Complaint both of which refer to only May 17, 2000 and June 28, 2000, as the dates of the alleged violations of Plaintiff's protective custody rights. See Complaint, Page 15; Proposed Second Amended Complaint, Page 1. Further, contrary to Plaintiff's contentions, "it is within the sound discretion of the court whether to grant leave to amend." John Hancock Mutual Life Insurance Co. v. Amerford International Corp., 22 F.3d 458, 462 (2d Cir. 1994). Here, the Court denied Plaintiff leave to further amend his Complaint. The Court declines to reconsider that decision.

B. Interlocutory Appeal

A party seeking leave to appeal a district court's interlocutory order must first obtain certification from that court. The district court must find: (1) that its order "involves a controlling question of law;" (2) "as to which there is a substantial ground for difference of opinion;" and that (3) appeal from the order may "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The determination of certification for a Section 1292(b) interlocutory appeal lies within the discretion of the district judge. See Ferraro v. Secretary of the U.S. Dept. of Health and Human Services, 780 F. Supp. 978, 979 (E.D.N.Y. 1992).

Plaintiff has not satisfied any of these three (3) prerequisites, but will have an opportunity to appeal all decisions of this Court at the conclusion of the litigation.

C.  Appointment of Counsel

On September 6, 2003, Judge Arthur Spatt, then assigned to this case, denied Plaintiff's application for appointment of counsel. On November 16, 2004, this Court again denied Plaintiff's application for appointment of counsel. Plaintiff now seeks appointment of counsel for a third time.

Since discovery is complete and the case will soon be ready for trial, Plaintiff's application for appointment of counsel is respectfully referred to Magistrate Judge Wall.

III. Conclusion

For the reasons set forth above, Plaintiff's motion for reconsideration is DENIED. Plaintiff's request that the Court certify its January 25, 2007 Order for interlocutory appeal is also DENIED. Plaintiff's application for appointment of counsel is respectfully referred to Magistrate Judge William Wall for an opinion and order.

IT IS SO ORDERED.

_____
Sandra J. Feuerstein
United States District Judge

Dated: March 7, 2007
Central Islip, New York

Copies to:

Dwayne Gause, *pro se*
#01A2837
Green Haven Correctional Facility
P.O. Box 4000
Stromville, NY 12582-0010

Robert A. Caccese
Suffolk County Attorney's Office
H. Lee Dennison Building
5th Floor
P.O. Box 6100
Hauppauge, NY 11788